IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 2:11-CR-005-J |
| | § | |
| BRITTANY NICOLE HOLMQUEST (1) | § | |

**PLEA AGREEMENT**

BRITTANY NICOLE HOLMQUEST, defendant, Bonita Gunden, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that she has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count 1 of the indictment, charging a violation of 18 U.S.C. § 1708, that is, Theft of Mail Matter. The defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3.  **Sentence**: The maximum penalties the Court can impose include:

    a.  imprisonment for a period not to exceed 5 years;

    b.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.  a term of supervised release of not more than 3 years, which may be mandatory under the law and follows any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned and subject to additional terms of supervised release and imprisonment as imposed by the Court in accordance with law;

    d.  a mandatory special assessment of $100;

    e.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.  costs of incarceration and supervision.

4.  **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

Plea Agreement - Page 2

Case 4:11-cr-00114-ODS   Document 12   Filed 07/27/11   Page 2 of 5

5. **Mandatory special assessment:** ~~Prior to sentencing,~~ The defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.

7. **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement:** The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute her for all offenses of which it has knowledge. In such event, the defendant waives any

**Plea Agreement - Page 3**

objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 24 day of March, 2011.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
BRITTANY NICOLE HOLMQUEST
Defendant

_____
BONITA GUNDEN
Attorney for Defendant

DENISE WILLIAMS
DEPUTY CRIMINAL CHIEF

_____
CHRISTY L. DRAKE
Assistant United States Attorney
Texas State Bar No. 06104500
500 S. Taylor, Suite 300, LB 238
Amarillo, Texas 79101
Telephone: 806.324.2356
Facsimile: 806.324.2399
E-Mail: christy.drake@usdoj.gov